**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

_____

MAURICE WRIGHT,

      Plaintiff,

v.

                                   Case No. ___2:17-cv-2421_____

SHELBY COUNTY, TENNESSEE,
WILLIAM J. GUPTON, JR., in his
official capacity and individual capacity,
and ANTHONY GUNN, in his official
capacity and individual capacity,

                                     **JURY DEMANDED**

      Defendants.

_____

**COMPLAINT**
_____

      COMES NOW Plaintiff, Maurice Wright, and brings this civil rights action against his employer, Defendants Shelby County, Tennessee, his Supervisor, Anthony Gunn, and his Director, William Gupton, both in their official capacities and individual capacities.  Plaintiff, pursuant to Title VII, 42 U.S.C. § 2000e et seq. and 42 U.S.C. § 1983, seeks to remedy the Defendants' violations of the First Amendment to the United States Constitution, of the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution and of Title VII, 42 U.S.C. § 2000e, et seq.  As set forth herein, Plaintiff was subjected to unlawful employment practices by Defendants because of his race and because he engaged in Constitutionally protected activity.

## I. PARTIES

1.      Plaintiff, Maurice Wright ("Sgt. Wright" or "Plaintiff"), is a resident citizen of Shelby County, Tennessee and a current Sergeant with the Shelby County, Tennessee, Division of Corrections ("SCDOC").

2.      Sgt. Wright is an African-American male.

3.      Defendant Shelby County, Tennessee is a governmental entity in the State of Tennessee and is a public employer and the legal entity that operates the Shelby County Division of Corrections.

4.      Defendant William J. Gupton. Jr. is the director of the SCDOC and, at all times relevant hereto, had supervisory authority over Plaintiff.  In his position as director of SDOC, Defendant Gupton has the final authority and is empowered to make employment decisions within the Division of Corrections.  For his unlawful actions under the color of state law as described herein, Defendant Gupton is being sued in his official capacity as well as in his individual capacity under Counts I and II of this Complaint only.

5.      Defendant Anthony Gunn is the Human Resources Manager of the SCDOC and, at all times relevant hereto, maintained supervisory authority over Plaintiff.  He has the authority and is empowered to make employment decisions within the Division of Corrections.  For his unlawful actions under the color of state law as described herein, Defendant Gunn is being sued in his official capacity as well as in his individual capacity Counts I and II of this Complaint only.

## II.  JURISDICTION AND VENUE

6.       The Court has jurisdiction over Plaintiff's discrimination claim pursuant to 42 U.S.C. § 2000e, *et seq.*, and Plaintiff's First Amendment, Equal Protection, and Due Process claims pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3) and (4) and 42 U.S.C. § 1988.

7.       Venue is proper in this Court as all parties can be found in this District and all the actions complained of herein took place in this District.

## III. STATEMENT OF FACTS

8.       Plaintiff was hired by Defendant SCDOC on February 1, 1995 as a corrections officer. In this position, Plaintiff was responsible for, among other things, maintaining security and order in the Division of Corrections, observing and reporting conduct of inmates, operation of security floors, supervising the movement and transportation of inmates, maintaining control of areas within the prison, and controlling, restraining and maintaining disciplinary control over the inmates.

9.       Plaintiff was promoted to Sergeant on or about July 1, 2014.

10.      Plaintiff is considered a "classified" employee, entitled to appeal rights of certain adverse employment actions, including termination, under Shelby County's Civil Service Merit System.

11.      Throughout his employment with the SCDOC, Plaintiff has consistently met or exceeded expectations in his job performance as is evidenced by his performance evaluations and commendations.

12.      On February 27, 2016, an altercation occurred between an inmate and a corrections officer.  A "Code Red" – the term used by SDCOC for an inmate altercation – was called by another officer, to which Sgt. Wright, Sgt. Kenneth Black ("Sgt. Black") and several corrections officers responded.

13.     Arriving at the scene of the incident within minutes of the issuance of the Code Red, Sgt. Wright found the inmate in an altercation with two corrections officers.

14.     Sgt. Black arrived at the scene of the incident shortly after Sgt. Wright.

15.     Sgt. Black is a White male.

16.     Both Sgt. Wright and Sgt. Black report to Defendant Anthony Gunn ("Gunn").

17.     Mr. Gunn is an African-American male.

18.     Plaintiff, Sgt. Wright, attempted to bring the situation under control by giving loud, verbal commands to the inmate to stop resisting.  He eventually deployed his chemical agent one time to the inmate's face, which subdued the inmate and brought the situation under control.  Sgt. Wright did not become physically involved in the altercation.

19.     Sgt. Black also gave loud, verbal commands to the inmate and did not become physically involved in the altercation.

20.     Neither Sgt. Wright nor Sgt. Black witnessed any officers striking the inmate.

21.     After the incident in February 2016 and until his termination on July 5, 2016, Sgt. Wright continued to work as a Sergeant with the SCDOC and performed his assigned duties.  During this time, Sgt. Wright was issued, as part of his uniform, a chemical agent canister.

22.     Sgt. Wright was issued a Pre-Disciplinary Hearing Notice on June 13, 2016 for the February 27, 2016 incident, charging him with violation of several policies of the SCDOC.  Sgt. Wright, however, was not charged with violation of SCDOC Policy No. 314: "Use of Force, Chemical Agents & Restraints" ("Policy No. 314").

23.     Sgt. Black was issued no discipline.

24.     A pre-disciplinary, or *Loudermill,* hearing was held on or about June 20, 2016, conducted by Mr. Gunn.  During the *Loudermill* hearing, Mr. Gunn informed Plaintiff that he would not be charged with Policy No. 314.

4

25.     On July 5, 2016, Plaintiff received a Disciplinary Action Form ("DAF"), notifying him that he was discharged for alleged violations of policies of the SCDOC, in particular, Policy No. 314.

26.     Plaintiff timely appealed his decision to the Shelby County Civil Service Merit Board ("the Merit Board"), alleging among other things violations of his Constitutionally protected rights under the Due Process clause of the Fourteenth Amendment.

27.     A hearing before the Merit Board was held on September 8, 2016, during which Plaintiff argued, among other things, that his Due Process rights had been violated and that he had been subjected to disparate treatment compared to Sgt. Black.

28.     On September 14, 2016, the Merit Board issued a decision reversing Plaintiff's termination and ordering the SCDOC to return Plaintiff to work immediately.

29.      Plaintiff was returned to work on or about September 19, 2016 as a Sergeant in an enforcement capacity within a maximum security section of the facility. Despite the fact that he was assigned to a maximum security section of the facility in an enforcement capacity, Sgt. Wright was not issued a chemical agent, although similarly-situated white individuals were issued chemical agent when working in the same area.

30.     The chemical agent – commonly called "pepper spray" – is the only tool available to correction officers to protect themselves against violent inmates.

31.     For a month, Sgt. Wright worked in this capacity without a chemical agent, fearing for his safety.

32.     An opinion by the Merit Board was issued on October 7, 2016, finding that Plaintiff's Constitutionally protected Due Process rights had been violated.

33.     Fearing for his safety and dealing with the stress and pressure of working in a dangerous environment, on October 21, 2016, Plaintiff consulted with a counsellor with the County's Employee Assistance Program ("EAP"), Dr. Darin Dantzler.  Dr. Dantzler immediately

took Plaintiff off work and instructed him to attend counseling and treatment, which Plaintiff did for six weeks.

34.     After the six weeks, Plaintiff returned to work.  Within two or three days of his return to work, he was issued a chemical agent canister.

35.     Upon information and belief, other similarly-situated white employees who have not been issued chemical agent have been assigned to non-enforcement positions until such time as their chemical agent was issued to them.

36.     On or about August 22, 2016, Defendant Gupton issued an official memo stating that SCDOC policy is that an officer's chemical agent will be returned to the officer within three business days of a use-of-force incident and that during the time the officer is working without a chemical agent, the officer is to be temporarily re-assigned to areas with minimal contact with inmates.

37.     Upon his return to work, Sgt. Wright was denied by his supervisors full and complete back pay as was required by the decision of the Merit Board for nearly two months.

38.     On October 20, 2016, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunities Commission in Memphis, Tennessee, Charge No. 490-2017-00173 (the "Charge") alleging race discrimination and retaliation.  A true and correct copy of the charge is attached hereto as Exhibit A.

39.     The Charge was filed within 300 days of the adverse employment actions complained about herein.

40.     On or about March 20, 2017, the United States Department of Justice Civil Rights Division issued a Notice of Right to Sue Within 90 Days to Plaintiff (the "Notice").  A true and correct copy of the Notice is attached hereto as Exhibit B.

41.     Plaintiff has exhausted his administrative remedies.

**42.**     This action is timely filed.

## IV. CAUSES OF ACTION

### COUNT I – VIOLATIONS OF THE EQUAL PROTECTION AND DUE PROCESS CLAUSES AGAINST ALL DEFENDANTS

43.     Plaintiff incorporates the paragraphs above by reference as though specifically set forth herein, and alleges that:

44.     Defendants' actions constitute unlawful race discrimination in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, as enforced through 42 U.S.C. § 1983.

45.     As a direct and proximate result of Defendants' intentional and unlawful conduct toward Plaintiff, Plaintiff has and continues to suffer pecuniary losses. Plaintiff, as a direct result of Defendants' intentional and unlawful actions, has suffered damage to his professional career and professional reputation, as well as to his personal reputation. Further, Defendants' intentional and unlawful actions taken against Plaintiff have been demeaning to Plaintiff and have caused Plaintiff to suffer pain, humiliation, and embarrassment, as well as emotional distress.

46.     Defendants' unlawful actions complained of above were intentional, malicious, and taken in reckless disregard to the constitutional rights of Plaintiff.

### COUNT II – RETALIATION IN VIOLATION OF THE FIRST AMENDMENT AGAINST ALL DEFENDANTS

47.     Plaintiff incorporates the paragraphs above by reference as though specifically set forth herein, and alleges that:

48.     Plaintiff exercised his First Amendment rights to petition the government for redress of grievances when he appealed the adverse employment decision to the Merit Board, alleging Constitutional violations of the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

49.     Plaintiff's petition for redress is a matter of public concern in that the public is inherently affected by the actions of its government officials which constitute violations of the Constitutions, particularly in the settings of law enforcement officers and correctional facilities, the safety of inmates and the general public is at concern.

50.     Defendants' actions and conduct following the favorable outcome of the Merit Board's decision demonstrate their continued unlawful and unconstitutional retaliation against Plaintiff for exercising his First Amendment rights.

51.     Defendants' actions and conduct were intended to chill Plaintiff's right to challenge the unconstitutional conduct of its actions and were motivated by Plaintiff's exercise of his Constitutional rights.

52.     Defendants' actions and conduct in denying Plaintiff the issuance of a chemical agent canister does not promote the efficiency of the public service the Defendants are charge with performing.

53.     Defendants' actions constitute a violation of Constitutional rights guaranteed by the First Amendment to the United States Constitution, as enforced through 42 U.S.C. § 1983.

54.     As a direct and proximate result of Defendants' intentional and unlawful conduct toward Plaintiff, Plaintiff has and continues to lose significant wages and benefits and has sustained other pecuniary loss. Plaintiff, as a direct result of Defendant's intentional and unlawful actions, has suffered damage to his professional career and professional reputation, as well as to his personal reputation. Further, Defendants' intentional and unlawful actions taken against Plaintiff have been demeaning to Plaintiff and have caused Plaintiff to suffer pain, humiliation, and embarrassment, as well as emotional distress.

55.     Defendants' unlawful actions complained of above were intentional, malicious, and taken in reckless disregard to the constitutional rights of Plaintiff.

## COUNT III – VIOLATIONS OF TITLE VII
## AGAINST DEFENDANT SHELBY COUNTY ONLY

56.     Plaintiff incorporates the paragraphs above by reference as though specifically set forth herein, and alleges that:

57.     Defendant Shelby County's actions constitute unlawful race discrimination and were done in retaliation for opposing perceived discriminatory practices, in violation of Title VII. Specifically, Defendant Gunn, with the knowledge, assent and concurrence of Defendant Gupton, individuals acting on behalf Shelby County and the Shelby County Division of Corrections terminated Plaintiff and later denied Plaintiff a chemical agent canister based upon his race when white officers in similar positions were issued chemical agent canisters.  Defendant Gunn, with the knowledge, assent and concurrence of Defendant Gupton, individuals acting on behalf Shelby County and the Shelby County Division of Corrections retaliated against Plaintiff by denying him the issuance of a chemical agent, while guarding maximum security inmates, causing him to fear for his safety.  Upon information and belief, other similarly-situated white individuals have been treated more favorably than Plaintiff.

58.     As a direct and proximate result of Defendant Shelby County's intentional and unlawful conduct toward Plaintiff, Plaintiff has and continues to suffer pecuniary loss.  Plaintiff, as a direct result of Defendant's intentional and unlawful actions, has suffered damage to his professional career and professional reputation, as well as to his personal reputation.  Further, Defendant's intentional and unlawful actions taken against Plaintiff have been demeaning to Plaintiff and have caused Plaintiff to suffer pain, humiliation, and embarrassment, as well as emotional distress.

59.     Defendants' unlawful actions complained of above were intentional, malicious, and taken in reckless disregard of the constitutional and statutory rights of Plaintiff.

## V. PRAYER FOR RELIEF

WHEREFORE, for the reasons set forth above, Plaintiff prays that the following relief be granted following a jury verdict in his favor:

1.      An award of back pay, lost benefits, and other pecuniary losses proximately caused by Defendants' unlawful conduct;

2.      Reinstatement;

3.      Front pay and the value of future lost benefits if reinstatement is not feasible;

4.      Compensatory damages for emotional distress, loss of enjoyment of life, humiliation and embarrassment caused by Defendants in an amount to be determined by the jury;

5.      Punitive damages against Defendants in amounts to be determined by the jury;

6.      All costs, expenses, disbursements, pre-judgment interest, post-judgment interest, expert witness fees, and reasonable attorney's fees allowed under actions brought pursuant to 42 U.S.C. § 1983 and Title VII;

7.      A Declaration that Defendant's practices as complained of herein to be in violation of Title VII and the First and Fourteenth Amendments of the Constitution;

8.      A trial by jury; and

9.      Such further legal and equitable relief as is deemed just and proper.

Respectfully Submitted,

/s/ James M. Allen

JAMES M. ALLEN BPR 015968
Attorney for Plaintiff
ALLEN LAW FIRM, PLLC
212 Adams Avenue
Memphis, TN 38103
901-321-0731 P
901-321-0751 F
jim@jmallenlaw.com